ORIGINAL



SEALED
BY ORDER OF THE COURT

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LAWRENCE L. TONG #3040
Chief, Fraud and Financial Crime Section

MICHAEL NAMMAR
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-Mail: michael.nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 02 2016

at __11__ o'clock and __50__ min. __A__ M
SUE BEITIA, CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>NOAM BAR YAMIN, (01) )<br>LIVNA HADAD BAR YAMIN, (02) )<br><br>Defendants. )<br><br>_____ ) | CR. NO. **CR16  00370HG**<br><br>INDICTMENT<br><br>18 U.S.C. § 371<br>[Conspiracy]<br>18 U.S.C. § 1015<br>[False Statement Related to<br> Naturalization, Citizenship, or<br>Registry of Aliens] |

## INDICTMENT

## COUNT 1

The Grand Jury charges:

### Introductory Allegations

1.      An alien may obtain lawful permanent resident status, commonly referred to as getting a "green card" in several ways, including through a valid marriage to a United States citizen.   Achieving lawful resident status through a marriage to a United States citizen allows an alien to avoid the numerical restrictions on the number of immigrants allowed in the United States, as well as certain visa and other requirements imposed by law.

2.      Once married, the United States citizen and alien spouse may submit applications and petitions to the Government of the United States, particularly the United States Citizenship and Immigration Services (USCIS), to obtain permanent residential status for the alien spouse.   By filling out and filing a Form I-130 (Petition for Alien Relative) on behalf of the alien spouse, the United States citizen requests the United States to grant the alien spouse lawful permanent resident status without regard to the numerical restrictions noted previously.

3.      Once the Form I-130 has been filed, the alien spouse is allowed to file a Form I-485 (Application to Register Permanent Resident or Adjust Status) requesting that the United States Government adjust the alien spouse's status to that

2

of a lawful permanent resident without the alien spouse having to leave the United States. If the alien spouse cannot adjust status this way, the alien spouse must leave the United States, obtain an immigrant visa at a United States Embassy in the alien spouse's home country, and then re-enter the United States.

4. Forms I-130 and I-485 are typically filed together and adjudicated at the same time. In support of these applications, the United States citizen and the alien spouse each submit Biographic Information Forms containing biographic information, and various other information, including information requested by the USCIS. As part of the application process, the United States citizen and the alien spouse are also interviewed, under oath, by an USCIS officer.

5. Once the I-130 and I-485 are both approved, the alien spouse is granted conditional resident alien status if the marriage is less than two years old at the time the applications are approved. After two years, the alien spouse and the United States citizen may jointly file a petition (I-751) to obtain permanent resident status. If approved, permanent resident status is indefinitely granted to the alien spouse. After three years of status as a permanent resident alien, the alien spouse may apply for United States citizenship as the spouse of a United States citizen.

6. Defendant LIVNA HADAD BAR YAMIN entered the United States on a tourist visa in July 2009. On July 19, 2014, LIVNA HADAD BAR YAMIN

3

married a United States citizen, Defendant NOAM BAR YAMIN.   On May 21, 2015, LIVNA HADAD BAR YAMIN and NOAM BAR YAMIN filed Forms I-130 and I-485.   In conjunction with these applications, on January 12, 2016, LIVNA HADAD BAR YAMIN and NOAM BAR YAMIN were interviewed under oath by an USCIS Immigration Services Officer in Honolulu, Hawaii.

The Conspiracy

From a precise earlier date unknown to the Grand Jury, but by on or about January 6, 2016, and continuing through on or about January 12, 2016, in the District of Hawaii and elsewhere, Defendants NOAM BAR YAMIN and LIVNA HADAD BAR YAMIN knowingly and willfully conspired and agreed with each other to commit offenses against the United States, namely:   (A) to knowingly make a false statement under oath in any case, proceeding and matter relating to, and under, and by virtue of, any law of the United States relating to naturalization, citizenship, and registry of aliens, in violation of Title 18, United States Code, Section 1015(a), and (B) to knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of USCIS, in violation of Title 18, United States Code, Section 1001(a)(2).

4

## Overt Acts

In furtherance of the conspiracy, and to accomplish the objectives of the conspiracy, the Defendants committed overt acts in the District of Hawaii and elsewhere, including the following:

1.    On or about January 6, 2016, NOAM BAR YAMIN traveled from Oklahoma to Hawaii so that he could be interviewed by an USCIS officer on January 12, 2016.

2.    On or about January 6, 2016, NOAM BAR YAMIN instructed LIVNA HADAD BAR YAMIN to lie during the January 12, 2016, USCIS interview about the amount of time NOAM BAR YAMIN spent in Oklahoma.

3.    On January 12, 2016, NOAM BAR YAMIN appeared for an interview with USCIS in Honolulu, Hawaii, and during that interview, NOAM BAR YAMIN gave false answers with regard to whether he dated another woman while married to LIVNA HADAD BAR YAMIN in order to make his marriage appear legitimate.

4.    On January 12, 2016, LIVNA HADAD BAR YAMIN appeared for an interview with USCIS in Honolulu, Hawaii, and during that interview, LIVNA HADAD BAR YAMIN gave false answers with regard to whether she spent Hanukkah with her husband in order to make her marriage appear legitimate.

All in violation of Title 18, United States Code, Section 371.

5

## COUNT 2

The Grand Jury further charges:

On or about January 12, 2016, in the District of Hawaii, NOAM BAR YAMIN did knowingly make a false statement under oath, in a case, proceeding, and matter related to, and under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, in that NOAM BAR YAMIN falsely stated that he had not dated anyone since he married LIVNA HADAD BAR YAMIN, when in fact, as NOAM BAR YAMIN well knew, he was in an intimate relationship with another female who lived in Oklahoma.

In violation of Title 18, United States Code, Section 1015(a).

## COUNT 3

The Grand Jury further charges:

On or about January 12, 2016, in the District of Hawaii, LIVNA HADAD BAR YAMIN did knowingly make a false statement under oath, in a case, proceeding, and matter related to, and under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, in that LIVNA HADAD BAR YAMIN falsely stated that she had celebrated Hanukkah in December 2015 with NOAM BAR YAMIN at her home in Hawaii, when in fact, as

6

LIVNA HADAD BAR YAMIN well knew, she had not celebrated Hanukkah with

NOAM BAR YAMIN.

In violation of Title 18, United States Code, Section 1015(a).

DATED: June 2, 2016, Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson, Grand Jury

_____
Foreperson, Grand Jury

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

_____
LAWRENCE L. TONG
Chief, Fraud and Financial Crime Section

_____
MICHAEL NAMMAR
Assistant United States Attorney

United States v. Noam Bar Yamin et al.
"Indictment"
Cr. No._____

7